IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERROL M. WINDHAM, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-380(MTT) |
| Warden PHIL HALL, | ) |
| Respondent. | ) |

**ORDER**

United States Magistrate Judge Charles H. Weigle recommends denying the Petitioner's petition for a writ of habeas corpus (Doc. 1), as well as the Petitioner's request for judicial notice (Doc. 14). (Doc. 21). The Petitioner has objected to the Recommendation. (Doc. 22). Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Petitioner's objection and has made a de novo determination of the portions of the Recommendation to which the Petitioner objects. For the reasons stated hereinafter, the Recommendation is **ADOPTED** and made the Order of this Court as to the claims addressed therein, and the Court hereby **DENIES** the Petitioner's petition.

1. Procedural History.

In 2012, the Petitioner was convicted in the Superior Court of Peach County, Georgia for armed robbery. (Doc. 17-5, at 1–2). The Petitioner's conviction was affirmed on appeal in March of 2014. *Id.* at 3. In April of 2014, the Petitioner filed a habeas corpus petition in the Superior Court of Calhoun County, Georgia. *Id.* at 1, 3. The Petitioner raised four grounds in the state habeas proceeding—ineffective assistance of counsel due to his lawyer's: (1) failure to move to suppress all evidence resulting from his allegedly defective arrest warrant; (2) failure to appeal on the basis of improper comments made by the judge to the jury; (3) failure to investigate co-indictee,

Shane Bedford, regarding statements he allegedly wrote to another co-indictee—Christopher Graddick (the statement allegedly would have corroborated the Petitioner's testimony and would have undermined Mr. Graddick's adverse testimony at the Petitioner's trial); and (4) failure to raise the "strongest issues" on appeal, namely, the impropriety of allowing Mr. Graddick to testify in light of his mental condition and his status as a co-indictee.  *Id.* at 4–5.  The state habeas court denied the Petitioner's petition for habeas corpus in April of 2015.  *Id.* at 14.  On September 8, 2015, the Georgia Supreme Court denied the Petitioner's application for a certificate of probable cause to appeal the trial court's denial of a writ of habeas corpus.  (Doc. 17-6, at 1).

The Petitioner filed this action seeking a writ of habeas corpus on October 1, 2015.  (Doc. 1).  Piecing together the Petitioner's numerous filings,[1] the Magistrate Judge found that the Petitioner asserted the following grounds for relief:

> (1) ineffective assistance of trial and appellate counsel for failing to file a pretrial motion to suppress, (2) ineffective assistance of trial and appellate counsel for failing to raise the issue of the trial judge's improper comments to the jurors, (3) ineffective assistance of trial and appellate counsel for failure to investigate and subpoena Shane Bedford, (4) ineffective assistance of trial and appellate counsel for failure to contest the trial court's finding that Christopher Graddick's testimony was admissible, (5) sufficiency of the evidence, (6) trial counsel remained counsel on appeal and failed to raise a claim of actual innocence, (7) the Prosecution withheld evidence in violation of *Brady v. Maryland*, 313 U.S. 83 (1963), . . . and (8) defense counsel misspoke during the trial.

---

[1]   The Court acknowledges the Magistrate Judge's thorough sifting of the Petitioner's filings—Petition (Doc. 1), Amended Petition (Doc. 9), Memorandum of Law (Doc. 12), Request for Judicial Notice (Doc. 14), Affidavit of Truth (Doc. 15), and Rebuttal Answer/Response and accompanying Brief in Support (Docs. 20; 20-1)—in identifying the Petitioner's "claims."  While it has been suggested that construing these documents together, instead of requiring the Petitioner to recast his petition, may be "irregular," *see Lane v. Philbin*, 2016 WL 4487983, n.1 (11th Cir.)—and it probably is—it is a practice that acknowledges the realities of pro se prisoner litigation.  Indeed, the Court notes that the Magistrate Judge ordered the Petitioner to recast his petition, but that order went unheeded.  (Doc. 13).  Here, the Magistrate Judge, giving the Petitioner considerable benefit of the doubt, was very careful to discern all potential claims.  Because the Court denies all claims, neither party is prejudiced by the Magistrate Judge's generous reading of the Petitioner's pleadings.  Certainly, at this point, no substantial interest would be served by requiring the Petitioner to recast his claims and suggestions of claims into one pleading.

(Doc. 21, at 6). For ease of reference, the Court addresses the Petitioner's claims according to the number assigned by the Magistrate Judge in the above list.

2.   Magistrate Judge's Recommendation.

The Magistrate Judge concluded that claim 6 (failure to raise actual innocence on appeal), claim 7 (*Brady*), and claim 8 (misstatements by counsel) were not raised in the state habeas action and thus are procedurally barred.[2] (Doc. 21, at 7).

The Magistrate Judge recommends that claim 5 (ineffective assistance, failure to raise strongest issues on appeal/sufficiency of evidence);[3] claim 1 (ineffective

---

[2] Construing the Petitioner's claims as to counsel's alleged misstatements and failure to raise actual innocence on appeal as ineffective-assistance claims, the claims are procedurally defaulted. The Petitioner has not shown cause or prejudice necessary to overcome this default. Apparently Petitioner seeks to overcome the default by alleging a fundamental miscarriage of justice. But, beyond the bare assertion that "[f]ailure to review [his] claims of ineffective assistance of counsel and actual innocence will result in a fundamental miscarriage of justice" (Doc. 22, at 5), the Petitioner has pointed to no "reliable evidence not presented at trial" to show "it is more likely than not that no reasonable juror would have convicted him of the underlying offense" of armed robbery. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations and internal quotation marks omitted). Thus, Petitioner has failed to show that failure to reach the merits of these claims "would endorse a fundamental miscarriage of justice." *Id*.

Even assuming that such claims are not procedurally barred, they do not entitle the Petitioner to relief. Counsel's misstatement of one date in direct examination is clearly not enough to satisfy the doubly deferential *Strickland* standard applicable in this action, particularly in light of the substantial evidence against the Petitioner. *See Harrington v. Richter*, 562 U.S. 86, 89 (2011) ("The question under § 2254(d) is not whether counsel's actions were reasonable, but whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."). The Petitioner's three-word reference in his Amended Petition to his counsel's failure to raise an "actual innocence" claim on appeal (Doc. 9, at 17) is insufficient to state any cognizable claim. If the Petitioner means by this that trial counsel failed to raise a "sufficiency of the evidence" claim, that claim is addressed in note 3 *supra*. If the Petitioner refers to counsel's failure to present evidence proving his innocence, the Petitioner, beyond failing to show that such a claim could be brought on direct appeal, does not demonstrate evidence that would have been sufficient to support such a claim. Finally, to any extent that the Petitioner seeks to raise an actual innocence claim here, federal habeas relief is not available for freestanding actual innocence claims. *Herrera v. Collins*, 506 U.S. 390, 400–01 (1993).

[3] Claim 5 in the Magistrate Judge's initial listing of claims is "sufficiency of the evidence." (Doc. 21, at 6). Later in the Recommendation, however, the Magistrate Judge seems to address this claim in light of an ineffective-assistance claim related to counsel's failing to raise the "strongest issues" on appeal (similar to the claim raised by the Petitioner in his state habeas action). (Doc. 21, at 8, 14). To the extent that the Petitioner intended something by his "sufficiency of the evidence" claim beyond the matters addressed by the Magistrate Judge, the Court notes that the record supports the Petitioner's conviction and the Petitioner has not offered any convincing evidence of his innocence. Further, the Court notes that the Petitioner's lawyer raised a sufficiency of the evidence claim on direct appeal, and the Petitioner has no meritorious ineffective-assistance claim in this regard. (Doc. 17-9, at 47).

assistance, arrest warrant); claim 4 (ineffective assistance, Mr. Graddick's testimony); claim 3 (ineffective assistance, investigation/Bedford-Graddick note); and claim 2 (ineffective assistance, judge's comments to jury) be denied because they did not meet either test set forth in 28 U.S.C. § 2254(d).  (Doc. 21, at 8–22).  The Petitioner filed an Objection to the Magistrate's Recommendation.  (Doc. 22).

3.    Petitioner's Objections.

Construing the Petitioner's Objection liberally, it appears that he objects to the Magistrate Recommendation as to claim 3 (ineffective assistance, investigation/Bedford-Graddick note), claim 7 (*Brady* violation as to Bedford-Graddick note); claim 1 (ineffective assistance, arrest warrant), as well as part of claim 6—that trial counsel remained counsel on appeal.  (Doc. 22).  Due to the ambiguity of the Petitioner's Objection, the Court has conducted a de novo review of all of the Magistrate Judge's Recommendation.  As to the above-listed objections, the Court notes the following:

- *Claim 3*

The substance of the Petitioner's objection as to claim 3 (Petitioner's ineffectiveness-of-counsel claim regarding investigation of Mr. Bedford and the alleged Bedford-Graddick note) was fully addressed by the Magistrate Judge.  (Doc. 21, at 20–22).

- *Claim 7*

Any *Brady* claim related to the alleged Bedford-Graddick note is clearly procedurally defaulted because the Petitioner did not raise it in his state proceedings.

- *Claim 1*

The substance of the Petitioner's objection as to claim 1 (the contentions regarding his arrest warrant) was fully addressed by the Magistrate Judge.  (Doc. 21, at 16–18).

- *Claim 6*

In his Objection, the Petitioner reasserts part of claim 6, arguing that he had a Sixth Amendment right to the appointment of new counsel, "to raise a claim of ineffective assistance of trial counsel because trial counsel could not reasonably be expected to assert or argue his own ineffectiveness" on appeal.[4]  (Doc. 22, at 1).  This contention warrants some discussion.

Construing the Petitioners' right-to-counsel objection liberally, it appears that he argues that: (1) he had an absolute constitutional right to have different appellate counsel than trial counsel in his criminal case, or (2) he has a constitutional right to counsel in his habeas actions as to any ineffective-assistance claims arising from his criminal trial and direct appeal.  The Petitioner never raised these issues before the state courts.  Therefore, they are unexhausted and procedurally defaulted.[5]  Regardless, however, they are without merit.

The Petitioner's concern evidences an uneasiness that his trial counsel—Mr. Bearden—may have, through his inability to see his own faults, overlooked his own ineffectiveness as a ground for appeal.  The Petitioner's concern has not been overlooked by the Supreme Court.  *See, e.g.*, *Halbert v. Michigan*, 545 U.S. 605, 620 n.5 (2005) ("A lawyer may not, however, perceive his own errors . . . .").  However, the

---

[4]  To the extent that the Petitioner's contentions as to his right to counsel are broader in his Objection than they were in his previous pleadings, the Court denies the implied motion to amend because it is untimely and futile.  *See infra* Section 4, New claims asserted in the Objection.

[5]  The Petitioner makes a general statement that a failure to hold a hearing as to his ineffective-assistance claims deprives him of any meaningful remedy for violations of his constitutional rights.  (Doc. 22, at 7).  The Petitioner has not argued, pursuant to *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), that his lack of counsel to pursue any ineffective-assistance claim constitutes cause to overcome a procedural default as to any of the ineffective-assistance claims he has raised in this action.  Such a *Trevino* claim would have no purpose in this action, as the Court has addressed the Petitioner's ineffective-assistance claims on their merits, and there is accordingly no need to seek cause why a procedural default should be excused.  Furthermore, even if the Court had relied on such procedural defaults in addressing any of the Petitioner's ineffective-assistance claims, the argument would fail.  Assuming that Georgia's procedural framework "*effectively* prohibit[s] defendants from raising ineffective-assistance claims on direct appeal," and that *Trevino* accordingly applies, the Petitioner must demonstrate a *Strickland* claim in his underlying action that has "some merit"—one that jurists of reason would find debatable.  *See Hittson v. GDCP Warden*, 759 F.3d 1210, 1262, 1265 (11th Cir. 2014) (emphasis in original).  The Petitioner has not met this standard.

Supreme Court has not recognized a constitutional right to have different counsel on direct appeal; rather, the question is whether counsel on appeal provided effective assistance under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

The Petitioner was able to raise his concerns in the state habeas court, albeit for the first time and without counsel. "Because an attorney cannot reasonably be expected to assert or argue his or her own ineffectiveness, claims of ineffective assistance of counsel are often properly raised for the first time in a habeas corpus petition." *White v. Kelso*, 261 Ga. 32, 32, 401 S.E.2d 733, 734 (1991). The Supreme Court has not yet recognized any constitutional right to counsel in a collateral proceeding, such as the Petitioner's habeas action. *See Coleman v. Thompson*, 501 U.S. 722, 752, 755 (1991) (holding that there is no right to counsel on habeas appeal, but leaving open whether there might be a right to habeas counsel in the state habeas trial court on first-opportunity claims). The Eleventh Circuit has expressly ruled that the Constitution does not grant such a right. *Hill v. Jones*, 81 F.3d 1015, 1024–26 (11th Cir. 1996).

4.   <u>New claims asserted in the Objection</u>.

In his Objection, the Petitioner attempts to raise several claims not raised before the Magistrate Judge. Over half a year before entering his Recommendation, the Magistrate Judge ordered the Petitioner to "amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief." (Doc. 13, at 1). The Petitioner never complied, yet he now seeks to raise new bases of relief in his Objection.

The Court construes the Objection as a motion to amend the petition to include these new bases of relief. *Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007). The Court has discretion to grant or deny such a motion. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline

to consider a party's argument when that argument was not first presented to the magistrate judge."); *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006) (holding district court does not abuse "its discretion when it accepts an argument that had not been presented to the magistrate judge"). The Court **DENIES** the Petitioner's motion to amend because it is untimely, and, in any event (for the reasons that follow), amendment would be futile.

- *The Petitioner states no constructive-amendment-to-indictment claim*

The Petitioner contends that his armed robbery conviction is void because "the judge constructively amended the indictment by charging the jury on a party to a crime not charged in the indictment" (and makes an accompanying *Strickland* claim as to his counsel's failure to object). (Doc. 22, at 6). The Petitioner cites *Stirone v. United States*, which stands for the proposition that the crimes charged to the jury cannot be broader than the indictment, as doing so would constructively amend the indictment in violation of the "substantial right to be tried only on charges presented in an indictment returned by a grand jury." 361 U.S. 212, at 217 (1960). The Petitioner argues that *Stirone* is implicated because the trial judge charged the jury that a person can be guilty of a crime by either directly committing the crime, by intentionally helping in the commission of the crime, or by intentionally directing someone else to commit the crime. (Doc. 22, at 2–3). The Eleventh Circuit has expressly rejected this argument, stating that "an individual indicted as a principal may be convicted on evidence showing that he aided and abetted the commission of the offense, regardless of whether the indictment included an aiding-and-abetting charge." *United States v. Tucker*, 402 F. App'x 499, 502 (11th Cir. 2010). A review of the record indicates that the criminal charge within the meaning of *Stirone*—the armed-robbery charge read to the jury—was clearly within the scope of the armed-robbery indictment. (Docs. 17-11, at 107, 116–17; 17-12, at 5–6,

27).  This claim is without merit;[6] accordingly, any amendment allowing such a claim to proceed would be futile.

- *The Petitioner states no claim as to trial counsel's false statements*

The Petitioner makes a bare assertion that trial counsel testified falsely at the state habeas hearing, but he gives no indication how he was prejudiced or how the state habeas court erred.  (Doc. 9-1, at 3).  A review of the habeas court trial transcript shows that the Petitioner does not demonstrate, nor clearly argues, that trial counsel's testimony at that hearing was false.  (Doc. 17-7).  Bare, unsupported factual assertions are not sufficient to state a claim; accordingly, any amendment allowing such a "claim" to proceed would be futile.

5.  <u>Conclusion</u>.

Accordingly, the Recommendation is **ADOPTED** and made the Order of the Court as to the claims addressed therein.  The Court **DENIES** the Petitioner's motion to amend as untimely and futile, **DENIES** the Petitioner's request for judicial notice,[7] and **DENIES** the Petitioner's request for a writ of habeas corpus.

## CERTIFICATE OF APPEALABILITY

The Magistrate Judge also recommends that the Court deny a certificate of appealability because it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right.  (Doc. 21, at 23).

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A).  As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

---

[6] Further, this claim was not raised by the Petitioner in his state habeas action and is accordingly procedurally barred.

[7] The Petitioner's Objection requests review of the Magistrate Judge's ruling on his Request for Judicial Notice (Doc. 14).  The Magistrate Judge correctly ruled on this motion, and nothing needs to be added to the Magistrate Judge's discussion.  (Doc. 21, at 22).

District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Pursuant to 28 U.S.C. 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in relation to procedurally barred claims, the petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling;" and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims determined on the merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* The Petitioner has not made these showings. Therefore, the Petitioner is **DENIED a COA**. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

**SO ORDERED,** this 29th day of September, 2016.

                                         S/ Marc T. Treadwell
                                         MARC T. TREADWELL, JUDGE
                                         UNITED STATES DISTRICT COURT